IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **LISA QUEYROUZE** | | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO.** 2:22-cv-82-KS-MTP | |
| **MAC'S CONSTRUCTION COMPANY, INC.** | | **DEFENDANT** |

**COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW** the Plaintiff, Lisa Queyrouze ("Plaintiff") by and through the undersigned counsel, and files this Complaint against the Defendant, Mac's Construction Company, Inc. ("Mac's Construction"), and for Plaintiff's causes of action alleges the following:

### Parties

1. Plaintiff at all pertinent times referenced herein, is an adult citizen of the State of Louisiana, City of New Orleans, Parish of Jefferson.

2. Mac's Construction is a Mississippi Corporation doing business within the State of Mississippi on the premises identified as NewPointe Shopping Center, located within Lamar County, Hattiesburg, Mississippi. It may be served with process through its registered agent for service of process, James H. McMahon, 6555 U.S. Highway 98, Hattiesburg, Mississippi 39404.

### Jurisdiction and Venue

3. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1332 because this is a tort action involving a Mississippi corporation and a resident of Louisiana.

4. Venue is proper in this Court pursuant to U.S.C.A. § 1391.

1

## Factual Allegations

5. On October 22, 2019, at approximately 1:00 p.m., Plaintiff was an invitee at Defendant's premises located at 6555 U.S. Highway 98 West, Hattiesburg, Mississippi 39404 ("the Premises") and walking along the covered walkway outside the stores of the Premises which runs east to west.

6. There are periodic stairways on the Premises' main walkway to accommodate the change in elevation due to the terrain's slope.

7. Plaintiff was walking east on the Premises' main walkway when she approached the subject set of stairs.

8. While attempting to walk down the stairway, Plaintiff encountered a dangerous condition which caused Plaintiff to fall and suffer bodily injuries.

9. The improper design, construction, appearance, and maintenance of the stairs caused Plaintiff to fall down the stairway and suffer bodily injuries.

10. Plaintiff's fall was also due to the Defendant's failure to provide a middle handrail and handrails that met the applicable state and local building code standards, and failure to distinguish the curbs of the stairway from the rest of the stairway and the wall surrounding the stairway with a distinct color or warning sign. Plaintiff's fall may have also been caused by other safety failures that may be discovered during the litigation of this matter.

11. At all times material to the matters alleged in this cause, the Defendant had actual and constructive knowledge that what is outlined in paragraph 10 which constitutes a dangerous condition at the Premises.

12. The negligence of the Defendant in failing to operate and/or properly maintain the grounds and facilities was the proximate and/or sole cause of the injuries, damages and losses sustained in this matter.

## Count I: Premises Liability

13. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

14. For premises liability, possessors of land, such as Mac's Construction, are subject to liability for physical harm caused to their invitees by a condition on the land if they (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

15. The defective steps and dangerous condition that caused Plaintiff to fall and suffer injuries existed for an extended period of time prior to her fall. In fact, Mac's Construction was aware of the hazardous condition and knew or should have known that injury would result from said condition, yet acted with complete indifference, callous disregard for the safety and well-being of its invitees and to the general public and neglected to remedy the hazardous condition despite having ample time and opportunity.

16. Mac's Construction's employees, agent, or persons under a contract of hire created the hazardous condition and had actual or constructive knowledge that the subject stairway lacked appropriate handrailing and distinguishing features to notify of change in level for such an extended period of time. Employees of Mac's Construction or contractor under a contract of hire with Mac's Construction walked past the hazardous condition numerous

times and went about their work instead of remedying the hazardous condition or providing a warning to unknowing guests of the hazardous condition. Thus, the subject stairway and its defects have remained on the Premises long enough to impute constructive knowledge to Mac's Construction.

17. Said fall caused injuries to Plaintiff more particularly described hereinafter.

## Count II: Negligence

18. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

19. Mac's Construction was negligent and breached its duty to provide reasonable care to their invitees by its actions and/or omissions in that it, among other things:

   a. Failed to provide a safe place for invitees on the Premises;

   b. Carelessly and negligently permitted and allowed an unsafe condition to develop and/or remain in the area of the Premises where invitees, including Plaintiff, travelled;

   c. Failed to adequately and properly inspect, discover, and correct the dangerous or hazardous conditions;

   d. Failed to take reasonable precautions to guard against or to protect Plaintiff against said dangerous or hazardous conditions;

   e. Failed to properly train, hire and/or supervise employees and/or to implement proper procedures to insure the Premises was a safe place for invitees;

   f. Failed to properly warn Plaintiff of the dangerous or hazardous condition or to provide proper protection against such dangerous or hazardous conditions;

   g. Failed to maintain the Premises in the best possible and reasonable manner;

    h. Failed to install a handrail of appropriate height and width in the middle of the stairway;

    i. Failed to install a handrail on the northside and/or the southside of the stairway;

    j. Failed to install a stairway with appropriate riser height;

    k. Failed to distinguish the curbs of the stairway from the rest of the stairway and the wall surrounding the stairway with a distinct color or warning sign; and

    l. All other acts of negligence and/or gross negligence which caused the incident sued upon herein and will be shown at trial of this civil action.

20. At all times material to the matters alleged in this cause, the Defendant had actual and constructive knowledge that what is outlined in paragraph 20 which constitutes a dangerous condition at the Premises.

21. The fall caused by the hazardous condition occurred on the Premises and in an area that was within the ownership, control, use, possession, and management of Mac's Construction. At all relevant times alleged herein, Mac's Construction exercised control or de facto control of the Premises where it created the hazardous condition, and Plaintiff sustained bodily injuries. At all times referenced herein, the individual employees or contractors that created the hazardous condition were employees or under a contract of hire with Mac's Construction and were acting within the course and scope of their employment on behalf of Mac's Construction. Therefore, Mac's Construction is vicariously liable for the tortuous acts of said employees via the legal theory of *respondeat superior*.

### Count III: Negligent Training and Supervision

22. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

23. Mac's Construction, by and through its acts of negligence and/or the negligence of its employees, contractors or agents for which they are vicariously liable and for which their employees, agents and contractors are individually liable, created the hazardous condition by failing to exercise the reasonable care required to create a reasonably safe premises and failed to maintain the Premises in a reasonably safe condition. Specifically, Mac's Construction, by its failure to implement safety policies and procedures, including but not limited to installing proper stairways with required handrailing and distinguishing features to notify invitees of change in level, and by individual acts of negligence on the part of its managerial staff, negligently permitted the hazardous condition to remain on the Premises by the failure to train, monitor, and supervise its personnel to maintain the Premises in a reasonably safe condition.

24. Mac's Construction knew or should have known that the failure to train, monitor and supervise its employees, agents and contractors would cause recurring and predictable hazards posed by the lack of appropriate hand rails on the stairway and lack of distinguishing features to notify invitees of change in level, and its negligent conduct and deliberate indifference to customer safety enhanced the hazard and caused its employees, agents and contractors to fail to monitor, mark, warn and/or and safeguard customers from the hazards posed by the stairway in a reasonably diligent manner commensurate with the potential risk to patrons. Mac's Construction knew the stairway lacked appropriate handrails and distinguishing features to notify of change in level and that the absence of these safeguards created a dangerous condition which was not remedied or warned of. Moreover, Mac's Construction failed to exercise reasonable care to establish and enforce policies to ascertain and remedy the hazardous condition and failed to warn Plaintiff of the

hazardous condition. Mac's Construction was responsible for the maintenance of the Premises yet failed to maintain the Premises in a reasonably safe condition or otherwise remedy the hazard. Alternatively, Mac's Construction failed to conduct a reasonable inspection of the Premises to ascertain the hazardous condition, and/or either knew or should have known of the hazardous condition and failed to remedy said hazardous condition.

25. Additionally, Mac's Construction had a duty to properly maintain its premises, provide regular and necessary upkeep of the Premises, provide safe ingress and egress to its premises, and/or properly and timely repair dangerous or hazardous conditions on the Premises. Mac's Construction was careless and negligent in the construction, maintenance, repair, and inspection, of the stairway and failed to warn of hazardous conditions on the Premises.

26. Mac's Construction and its agents and employees committed one or more of the following negligent acts or omissions:
    a. Failed to provide a safe place for invitees on the Premises;
    b. Carelessly and negligently permitted and allowed an unsafe condition to develop and/or remain in the area of the Premises where invitees, including Plaintiff, travelled;
    c. Failed to adequately and properly inspect, discover, and correct the dangerous or hazardous conditions;
    d. Failed to take reasonable precautions to guard against or to protect Plaintiff against said dangerous or hazardous conditions;

e. Failed to properly train, hire and/or supervise employees and/or to implement proper procedures to insure the Premises was a safe place for invitees;

f. Failed to properly warn Plaintiff of the dangerous or hazardous condition or to provide proper protection against such dangerous or hazardous conditions;

g. Failed to maintain the Premises in the best possible and reasonable manner;

h. Failed to install a handrail of appropriate height and width in the middle of the stairway;

i. Failed to install a handrail on the northside and/or the southside of the stairway;

j. Failed to install a stairway with appropriate riser height;

k. Failed to distinguish the curbs of the stairway from the rest of the stairway and the wall surrounding the stairway with a distinct color or warning sign; and

l. All other acts of negligence and/or gross negligence which caused the incident sued upon herein and will be shown at trial of this civil action.

## Count IV: *Respondeat Superior*

27. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

28. At the time of this incident described herein, Mac's Construction's employees were acting within the course and scope of their employment with Mac's Construction.

29. Any and all negligent acts or omissions of any employee of Mac's Construction is directly imputed to Mac's Construction. Mac's Construction is responsible for the injuries and damages resulting from its employees' negligent acts and/or omissions under the doctrine of vicarious liability and *respondeat superior*.

### Count V: Willful and/or Negligent Infliction of Emotional Distress

30. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

31. Mac's Constructions acts and/or omissions were willful, wanton, grossly careless, indifferent, reckless, and/or negligent and said conduct resulted in the subject incident, the injuries of Plaintiff and Plaintiff's anxiety, mental and emotional distress, fear, aggravation, and inconvenience. Mac's Construction's acts and/or inactions constitute the direct, proximate and/or contributing cause of the mental and emotional distress suffered by Plaintiff, and such damages were reasonably foreseeable consequences of Mac's Construction's actions and inactions.

### Damages & Prayer for Relief

32. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

33. Mac's Construction's breach of its duties was a proximate cause of Plaintiff's injuries.

34. As a direct and proximate cause of Mac's Construction's disregard for Plaintiff's safety and well-being and other negligent acts, Plaintiff incurred damages including, but not limited to: bodily injuries, loss of enjoyment of life, disfigurement, inability to perform household chores, past, present and future pain and suffering, past, present and future mental suffering and emotional distress, and permanent partial disability, past, present and future medical expenses, and all other damages recoverable under Mississippi law to be shown at the trial of this matter.

## Punitive Damages

35. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

36. The acts of Mac's Construction was intentional, willful, wanton, insensitive, careless, reckless, and grossly negligent; that its conduct gives rise to punitive damages; and Plaintiff specifically requests the award of such punitive damages in an amount to be determined by the jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and Judgment against Mac's Construction for actual, compensatory, non-pecuniary damages including costs, pre-judgment interest and attorney's fees, as determined by the jury, together with such other damages which the Court deems just and appropriate.

Respectfully submitted this the 28 day of June, 2022.

Lisa Queyrouze, Plaintiff

_____
SAMUEL S. McHARD, MSB #100295
PEYTON J. MOORE, MSB #106137

SAMUEL S. McHARD, MSB #100295
PEYTON J. MOORE, MSB #106137
McHard, McHard, Anderson & Associates, PLLC
140 Mayfair Road., Suite 1500
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
smchard@mchardlaw.com
pmoore@mchardlaw.com